UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELLINO JIMENEZ,<br><br>      Plaintiff,<br><br> -against-<br><br>SQUARE FOOD AND CAFE, INC.,<br><br>      Defendant. | 24-CV-3361 (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge.**

  This case is an action for money damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), originally brought by Plaintiffs Marcellino Jimenez and Fidel Guzman. The Complaint was filed on May 2, 2025, (ECF 1) and the First Amended Complaint was filed the same day (ECF 4). Judge Ronnie Abrams referred this case to a magistrate judge for general pretrial supervision (ECF 6), and the reference was transferred to me.

  Guzman and Defendant reached a settlement agreement, and on February 10, 2025, Judge Abrams approved their consent to my jurisdiction under 28 U.S.C. Section 636(c)(3). (ECF 46, Consent to Jurisdiction.) I approved the settlement, and the claims brought by Guzman against Defendant were dismissed with prejudice. (ECF 47, Order.)

  On January 8, 2025, I granted Plaintiffs' counsel's motion to withdraw from her representation of Jimenez (ECF 39) based on Jimenez's persistent failure to respond to any communications from counsel; I gave Jimenez until February 10, 2025, to retain new counsel to file a notice of appearance on his behalf or to let the Court know whether he wished to proceed without a lawyer. (*See* ECF 42, Order.) That order was mailed to Jimenez at the address

provided by his former counsel. No lawyer has appeared on his behalf, nor has Plaintiff notified the Court that he would like to proceed with the case without a lawyer.

On February 24, 2025, I ordered Jimenez to show cause by March 21, 2025 why the case should not be dismissed for failure to prosecute, explained how that order to show cause could be discharged, and warned him that failure to comply with the order to show cause could lead to dismissal of his case. (ECF 48, Order To Show Cause.) Jimenez did not respond to the order to show cause, and on March 27, 2025, I again ordered him to show cause why the case should not be dismissed for failure to prosecute, with a new deadline of April 30, 2025; I also explained how he could discharge the order to show cause and warned him again that failure to comply with the order to show cause could lead to dismissal of his case. (ECF 49, Order To Show Cause.)

On May 6, 2025, I scheduled a teleconference for May 30, 2025 to find out whether Jimenez intended to continue litigating this case, with or without counsel. (*See* ECF 50, Order.) In my order, I directed Jimenez to dial into the conference, and I cautioned him that failure to do so, without prior notice to the Court, might result in a recommendation to Judge Ronnie Abrams to dismiss his case for failure to prosecute under Federal Rule of Civil Procedure 41(b).[1]

---

[1]   "[T]he power of a United States Magistrate Judge to direct the entry of judgment, or otherwise dispose of a party's claim or defense, is dependent on the consent of all affected parties." *Rodrigues v. Corona Advances, Inc.*, No. 15-CV-6815 (BCM), 2018 WL 4043149, at *2 (S.D.N.Y. Aug. 24, 2018) (citing 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a)). Jimenez is not a party to the consent to my jurisdiction. (S*ee* ECF 46.) Therefore, I can recommend dismissal of Jimenez's action, but I cannot order a final disposition of his claims.

Jimenez did not contact the Court and he did not dial in to the conference. Defendants' counsel timely dialed-in to the conference. My courtroom deputy clerk called Jimenez at 2:30 PM at the phone number provided by his former counsel. Jimenez did not pick up. The conference line was held open until 2:45 PM, when my courtroom deputy clerk terminated the call.

Jimenez's time to respond to my order to show cause is extended retroactively until **July 7, 2025.** He may comply with the order to show cause by either 1) retaining new counsel who files a notice of appearance on his behalf or 2) sending a letter informing the Court whether he wishes to proceed with this case without a lawyer. I caution Jimenez that I do not expect to grant any further extensions of time for him to retain new counsel or to advise the Court whether he intends to proceed with this case with or without a lawyer. Failure to comply with this order without requesting an extension of time from me to do so may result in a report and recommendation to Judge Ronnie Abrams to dismiss his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). Mr. Jimenez is also reminded that, as an unrepresented party, it is his obligation to inform the Court of a change to his address. Jimenez may file a letter on the docket by emailing a signed PDF of the letter to ProSe@nysd.uscourts.gov in an email with the subject line: "Pro Se Filing – 24-cv-3361." He is advised that it may take up to two business days for his filing to appear on the docket.

Dated: June 9, 2025
New York, New York

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

4